UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
**DOROTHY JONES,**
                         **Plaintiff,**

            -against-                    1:22-cv-09786 (ALC)

**SOCIAL SECURITY ADMINISTRATION**    <u>**OPINION AND ORDER**</u>
**and JANE DOE,**

                      **Defendants.**
---------------------------------------------------------- x

**ANDREW L. CARTER, JR., United States District Judge:**

      Dorothy Jones ("Jones" or "Plaintiff"), proceeding *pro se*, brings this lawsuit to recover four months of retroactive survivor benefits under Title II of the Social Security Act ("Act") from the Social Security Administration ("Administration," "SSA," or "Defendant"). *See generally* ECF No. 2 ("Complaint" or "Compl."). Defendant moves for summary judgment, arguing Plaintiff failed to exhaust the administrative remedies available to her and, as a result, this Court lacks subject matter jurisdiction. *See* ECF No. 10 at 1 ("D. Br."). For the reasons stated below, the motion for summary judgment is **GRANTED**.

BACKGROUND

      On April 27, 2021, Jones filed an application for survivors' insurance benefits ("SIB") on the record of her deceased husband of fourth-three years, Wyatt Jones. *See* ECF No. 10–2 at 1–2 (Jones application). Jones supplemented her application with a photocopy of their marriage certificate. *See id.* at 10–11. The Administration issued Jones a Notice of Award ("Notice") on July 18, 2021, finding she was entitled to retroactive benefits, but would be unable to receive the payment until she submitted the original marriage certificate or a certified copy, per regulations of the Administration. *See id.* at 12–14 (Notice); *see also* ECF No. 10–1 ¶ 7 (stating that "[a]n

uncertified photocopy of a marriage certificate is insufficient evidence of marriage for the purposes of providing proof of marriage in support of an application for SIB"). The Notice also outlined Plaintiff's right to appeal the decision and how to submit the appropriate "request for reconsideration." ECF No. 10–2 at 13.

In her complaint, Jones states that she followed up the Notice with multiple phone calls to the Administration and that employees stated they had "received [her] original marriage certificate on March 16, 2021." Compl. at 6. Defendant, on the other hand, contends that Jones has yet to provide the requested marriage certificate. *See* ECF No. 10–1 ¶ 10. Additionally, Defendant has no record of Jones appealing the Notice through a request for reconsideration. *See id.* ¶ 11. On or around November 15, 2022, Defendant unsuccessfully attempted to speak with Jones about her retroactive benefits. *See* ECF No. 10–1 ¶¶ 8–9; ECF No. 10–2 at 16.

On November 16, 2022, Jones filed her complaint initiating this action. *See generally* ECF. Jones requested to proceed *in forma pauperis*, which was granted on November 22. ECF Nos. 1, 5. Jones also requested pro bono counsel, which the Court denied. ECF Nos. 3, 11. On February 27, 2023, Defendant filed its motion for summary judgment. *See* ECF No. 9; *see also* ECF No. 10 ("D. Br."). After failing to respond, the Court ordered Plaintiff to do so by September 30, 2023 or the Court would deem the motion for summary judgment unopposed. ECF No. 11. On September 28, 2023, Jones filed a letter in opposition to the Defendant's motion. ECF No. 12 ("P. Opp.").

**LEGAL STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the moving party has met its burden of proving that no factual issues

2

exist, the court must resolve all ambiguities, and draw all factual inferences, in favor of the party opposing the motion. *See Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010). Even where a motion for summary judgment is unopposed, the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006).

"Courts must afford *pro se* plaintiffs 'special solicitude' before granting motions to dismiss or motions for summary judgment." *Quadir v. New York State Dep't of Lab.*, 39 F. Supp. 3d 528, 536 (S.D.N.Y. 2014) (quoting *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994)). "This policy of liberally construing *pro se* submissions is driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (internal quotations and modifications omitted). Therefore, courts read *pro se* filings "to raise the strongest arguments that they suggest." *Id.* at 474. "A *pro se* plaintiff, however, cannot defeat a motion for summary judgment by simply relying on the allegations of [their] complaint; [they] must present admissible evidence from which a reasonable jury could find in [their] favor." *Belpasso v. Port Auth. of New York & New Jersey*, 400 F. App'x 600, 601 (2d Cir. 2010) (summary order).

**DISCUSSION**

Defendant argues that the Court lacks jurisdiction over this matter because Jones has failed to exhaust her claims within the Social Security Administration's review process. Alternatively, Defendant argues that Jones has failed to satisfy the requirements for a writ of mandamus. The

3

Court takes each argument in turn.

## I. Exhaustion of Administrative Remedies

A district court has jurisdiction to review a Social Security Administration determination only after the claimant has exhausted her administrative remedies and a final decision has been issued by the Commissioner of Social Security. The relevant statute provides:

> "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which [s]he was a party, ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to h[er] of notice of such decision or within such further time as the Commissioner of Social Security may allow."

42 U.S.C. § 405(g). This is the exclusive means of judicial review of findings and decisions of the Commissioner. 42 U.S.C. § 405(h) ("No findings of fact or decision … shall be reviewed by any person, tribunal, or governmental agency except as herein provided.").

For a decision to be "final" for the purposes of Section 405(g), a claimant must exhaust a four-step administrative review process: (1) an initial determination, in which the SSA decides whether to grant benefits; (2) reconsideration, if the claimant wishes to contest the initial determination; (3) a hearing before an administrative law judge ("ALJ"); and (4) an Appeals Council review, if the claimant wishes to contest the ALJ's decision. 20 C.F.R. § 404.900(a); *see also Straw v. Colvin*, No. 1:13-CV-02470-ALC, 2016 WL 817450, at *3 (S.D.N.Y. Feb. 26, 2016); *Steadman v. Colvin*, No. 14 Civ. 7495 (VEC) (DCF), 2015 WL 4393022, at *4 (S.D.N.Y. July 14, 2015); *Maloney v. Soc. Sec. Admin.*, No. 02 Civ. 1725 (JFB) (SMG), 2006 WL 1720399, at *5 (E.D.N.Y. June 19, 2006), *aff'd*, 517 F.3d 70 (2d Cir. 2008).

Defendant argues that Jones's claim is unexhausted because she failed to request reconsideration of her July 2021 Notice of Award. *See* D. Br. at 9 ("Plaintiff did not exercise her appeal rights when she failed to request reconsideration upon receipt of the July 2021 NOA.").

Even construing Jones's *pro se* pleadings liberally, as the Court is required to do, there is no suggestion that Jones exhausted her claim through step two of the Administration's review process by requesting reconsideration of the initial determination. *See generally* P. Opp.

There does seem to be some dispute between the parties as to whether Jones did get in touch with the Administration and whether she submitted her original marriage certificate. *See* Compl. at 5–6 (referencing calls with the Administration about the marriage certificate and Notice); *but see Belpasso*, 400 F. App'x at 601 ("A *pro se* plaintiff, however, cannot defeat a motion for summary judgment by simply relying on the allegations of [their] complaint."). Nevertheless, the Court need not rely on the existence or non-existence of these phone communications since the fact remains that Jones failed to initiate step two of the Administration's review process by requesting reconsideration. As a result, Jones has not obtained a judicially reviewable final decision, as required by 42 U.S.C. § 405(g).

Having determined that Jones failed to exhaust her administrative remedies, the Court must consider whether the exhaustion requirement should be excused. The Commissioner or a court may waive a plaintiff's exhaustion requirement when: "(1) the claim is collateral to a demand for benefits, (2) exhaustion would be futile, or (3) requiring exhaustion would result in irreparable harm." *Escalera v. Comm'r of Soc. Sec.*, 457 F. App'x 4, 6 (2d Cir. 2011) (citing *Skubel v. Fuoroli*, 113 F.3d 330, 334 (2d Cir. 1997)).

Considering these factors, the Court does not find that exhaustion should be excused. First, Jones's claim in this case is not collateral to her claim for benefits. Jones seeks a determination that she is entitled to retroactive survivor benefits and, "thus, the issues before this Court are identical (and not collateral)" to her administrative claim. *Nunez v. Saul*, No. 19 CIV. 0170 (PED),

5

2020 WL 3962046, at *5 (S.D.N.Y. July 13, 2020), *aff'd sub nom. Nunez v. Comm'r of Soc. Sec.*, 848 F. App'x 35 (2d Cir. 2021); *see also Escalera*, 457 F. App'x at 6 (Plaintiff's claim was "not collateral to his demand for benefits, as it involve[d] a demand for benefits.").

Additionally, there is no evidence exhaustion would be futile. In fact, "[a] final agency decision and developed written record would ensure a more complete review in federal court." *Escalera*, 457 F. App'x at 6–7. "Courts have found exhaustion futile where the plaintiff seeks to challenge a regulation, as opposed to correcting an error in the administrative application of a regulation." *Eichie v. Kuakazi*, No. 21-CV-10712 (LJL), 2023 WL 1438327, at *6 (S.D.N.Y. Feb. 1, 2023); *see also Okocha v. Disman*, No. 11 CIV, 1854 LTS JLC, 2012 WL 6860892, at *10 (S.D.N.Y. Oct. 1, 2012) (consolidating cases), *report and recommendation adopted sub nom. Okocha v. Comm'r of Soc. Sec.*, No. 11 CIV. 1854 LTS JLC, 2013 WL 163834 (S.D.N.Y. Jan. 15, 2013). By contrast, actions "challenging the application of concededly valid regulations" weigh against futility. *Abbey v. Sullivan*, 978 F.2d 37, 44 (2d Cir. 1992). "Because of the [Administration]'s expertise in administering its own regulations, the [Administration] ordinarily should be given the opportunity to review application of those regulations to a particular factual context." *Bowen v. City of New York*, 476 U.S. 467, 485 (1986). Jones does not challenge the Administration's requirement for an original marriage certificate and, therefore, exhaustion of her claim would not be futile.

Finally, there is no indication that requiring exhaustion would cause Plaintiff to suffer irreparable harm. "Irreparable harm is a high bar 'where the harm suffered in the interim would be irreparable in the sense that no *post hoc* relief would be adequate.'" *Eichie*, 2023 WL 1438327, at *7 (S.D.N.Y. Feb. 1, 2023) (quoting *Smith v. Schweiker*, 709 F.2d 777, 780 (2d Cir. 1983)).

6

"Generally, irreparable harm can be established when the termination or denial of benefits would subject a plaintiff to deteriorating physical health." *Id.* Jones has not provided any evidence that the delay caused by the exhaustion of administrative appeal procedures or, for that matter, that the denial of the retroactive benefits, would subject her to "irreparable harm." For these reasons, the Court finds no basis to excuse Plaintiff's failure to exhaust her administrative remedies.

## II. Mandamus Jurisdiction

Construing Jones's *pro se* pleadings liberally, her complaint could be interpreted as a request for a writ of mandamus, which would grant the Court an alternative basis for subject matter jurisdiction. For a Court to exercise mandamus jurisdiction, there must be "(1) a clear right in the plaintiff to the relief sought; (2) a plainly denied and preemptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available." *Lovallo v. Froehlke*, 468 F.2d 340, 343 (2d Cir. 1972); *see also Heckler v. Ringer*, 466 U.S. 602, 616 ("The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty."). As Jones fails to demonstrate that "'no other adequate remedy' (i.e., completing the administrative process) [i]s available," mandamus jurisdiction is inappropriate. *Escalera*, 457 F. App'x at 7 (quoting *Benzman v. Whitman*, 523 F.3d 119, 132–33 (2d Cir. 2008)).

## CONCLUSION

For the reasons set forth above, the Defendant's motion is **GRANTED** and the case is dismissed. The Clerk of Court is respectfully directed to mail a copy of this order to the *pro se* Plaintiff, terminate the motion at ECF No. 9, and close this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when they seek review of a nonfrivolous issue).

**SO ORDERED.**

Dated:   March 3, 2025
         New York, New York

**ANDREW L. CARTER, JR.**
**United States District Judge**